In the Matter of the Claim of ELIZABETH FATH, Respondent, against 1095 PARK AVE. CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a workmen's compensation award in a death case. The board found that the decedent, who had been employed as the superintendent of an apartment house, died of an acute myocardial infarction, resulting from unusual exertion in moving a refrigerator and other furniture on August 13, 1951. The principal question upon this appeal is whether there was sufficient evidence to corroborate the hearsay declarations by the decedent as to the occurrence of the accident. Upon being examined by his attending physician, the decedent told him that about an hour earlier he had suffered a severe chest pain while engaged in moving a refrigerator. He made a similar statement to his wife while he was in the hospital. The decedent had been employed as the superintendent of the apartment house for a period of about four years but his work had been chiefly of a supervisory and administrative character until the apartment house became a co-operative in February, 1951. After that time, he was required to perform strenuous manual labor which was described in detail by his fellow employees. He became very tired and haggard-looking as a result of this work and upon one occasion he told his physician, who saw him in this condition, that he thought he would have to quit. On August 13, 1951, the decedent left his apartment shortly after 8:00 A.M. and he returned about 9:00 A.M., holding a handkerchief over his chest, and his voice sounding "sort of gaspy"; he was perspiring and was ashy-white in color. His wife told him that there was a telephone call for him and when the decedent took the call, his wife overheard him say "I moved the furniture for you and it is all taken care of." The decedent complained of a pain in his chest and his wife took him to the doctor next door. He gave the doctor the history summarized above. The history seems to us to be sufficiently corroborated by "circumstances or other evidence" within the meaning of section 118 of the Workmen's Compensation Law. Although the content of the telephone conversation overheard by the decedent's wife may be regarded as hearsay, the fact that the decedent received the telephone call from a tenant and the proof as to his appearance and condition at the time he returned from the tenant's apartment, constituted competent common-law evidence in corroboration of the decedent's declaration as to the happening of the accident. Furthermore, the decedent's fellow employees testified as to the unusually heavy work made necessary by the change of the apartment house to a co-operative. Also, there was an admission by the employer in the report of injury that the decedent had been injured while removing "Kitchen sinks, refrigerators & gas ranges from various apartments to basement". The medical proof was to the effect that the decedent had been well and that his heart had been found normal upon an examination prior to the date of the accident and that the strain of moving a refrigerator was a competent producing cause of the heart attack he suffered. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.